UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALL-AMERICAN HOSE, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:12CV215 TIA |
| LABARGE PRODUCTS, INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment (ECF 17), and Defendant's Motion for Additional Time to Conduct Discovery (ECF 23). The parties have filed responsive pleadings to the pending motions. All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff All-American Hose, LLC ("All-American"), filed the instant action against Defendant LaBarge Products, Inc. ("LaBarge"), alleging that between November 24, 2010 and May 25, 2011, All-American provided certain hose products, goods, and materials to LaBarge, and LaBarge has failed and refused to pay the All-American invoices although All-American has demanded payment thereof. (Compl. at ¶¶ 7, 11). All-American contends that LaBarge is indebted for All-American Products provided in the total amount of $318,928.01. (Compl. at ¶¶ 10, 16, 20). All-American seeks to recover from LaBarge on three counts: suit on account (Count I), breach of contract (Count II), and quantum meruit (Count III).

All-American has filed a motion for summary judgment claiming that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. In addition to filing

opposition thereto, LaBarge has filed a motion for additional time to conduct discovery. LaBarge contends that pursuant to the Case Management Order, the discovery deadline is November 15, 2012. The record shows LaBarge did not request additional time to complete discovery nor requested to file any supplemental pleadings. Because the undisputed facts demonstrated that All-American is entitled to judgment as a matter of law, the undersigned will grant the motion for summary judgment.

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The burden of proof is on the moving party to set forth the basis of the motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial. Id. "[T]he nonmovant must respond by submitting evidentiary materials that 'set out specific facts showing a genuine issue for trial.'" Celotex, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(e)(2)). The non-moving party may not rest upon her pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. Id., at 324. The nonmovant must "explain the legal significance of her factual allegations beyond the mere conclusory statements importing the appropriate terms of art." Quinn v. St. Louis Cnty., 653 F.3d 745, 752 (8th Cir. 2011).

In passing on a motion for summary judgment, the Court must review the facts in a light most favorable to the party opposing the motion, and give that party the benefit of any inference that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The

Court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). At the summary judgment stage, the undersigned will not weigh the evidence and decide the truth of the matter, but rather the undersigned need only determine if there is a genuine issue of material fact for trial. Anderson, 477 U.S. at 249. Summary judgment is not appropriate unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir. 1998) (citations omitted); Bassett v. City of Minneapolis, 211 F.3d 1097, 1099 (8th Cir. 2000). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 at 248. Further, if the nonmoving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, ... there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23.

Nonetheless, it is clear to survive summary judgment, a plaintiff must support his/her allegations with sufficient probative evidence to permit a finding in the plaintiff's favor based upon more than mere speculation, conjecture, or fantasy. Putnam v. Unity Health Sys., Inc. 348 F.3d 732, 733-34 (8th Cir. 2003). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 526-27 (8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." Kountze ex rel. v. Hitchcock Foundation v. Gaines, 2008 WL 2609197, at * 3 (8th Cir. 2008). "'Only disputes

over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" Bass v. SBC Commc'ns, Inc., 418 F.3d 870, 872-73 (8th Cir. 2005) (quoting Anderson, 477 U.S. at 248). Thus, Plaintiff, even though the non-moving party for summary-judgment purposes, "must still 'present[] evidence sufficiently supporting the disputed material facts [such] that a reasonable jury could return a verdict in [its] favor.'" Pope v. ESA Servs., Inc., 406 F.3d 1001-1003-04 (8th Cir. 2005) (quoting Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat a motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48.

**The Undisputed Evidence before the Court on the Motion**

Viewing all facts and drawing all reasonable inferences in the light most favorable of the nonmoving party, plaintiff, A. Brod, Inc. v. SK & I Co., L.L.C., 998 F. Supp. 314, 320 (S.D.N.Y. 1998), the Court sets forth the following facts as established by the depositions, affidavits, and the records submitted by the parties:

Plaintiff All-American Hose, LLC ("All-American") is a limited liability company existing pursuant to Delaware law with its principal place of business in Union City, Pennsylvania. (Pltf.'s Exh. A, Guzik Aff. at ¶ 12). Defendant LaBarge Products, Inc. ("LaBarge") is a corporation organized and existing pursuant to Missouri law with its principal place of business in St. Louis, Missouri. (Def.'s Answer, ECF 6 at ¶ 2). All-American is in the business of supplying industrial and commercial hoses and related parts and products. (Id. at ¶ 3). LaBarge purchases industrial and commercial hoses and related parts and products from All-American. (Id. at ¶ 3).

Between November 24, 2010 and May 25, 2011, All-American provided certain hose

products, goods, and materials to LaBarge as requested. (Id. at ¶ 7; Guzik Aff. at ¶ 15, Exh. 1). The All-American invoices have the payment term of "1% 10 Net 30," i.e. the price owed under the invoice was due thirty days from the invoice's date. (Exh. 1 at 3). Mr. Guzik averred that LaBarge promised to pay for the All-American products within thirty days of each of the invoices. (Guzik Aff. at ¶ 16). All-American provided the products to LaBarge as requested. (Id. at ¶ 17). Mr. Guzik averred that the prices for the All-American products listed on the invoices are All-American's customary and normal prices for the All-American Products and reflect the reasonable value of the All-American Products. (Id. at ¶¶ 19-22). LaBarge has never disputed the charges for the All-American Products in these transactions as documented in the invoices. (Id. at ¶ 21; Exhs. 2-3). LaBarge has previously paid All-American's normal and customary charges for similar products. (Guzik Aff. at ¶20). LaBarge admitted that it received the All-American Products. (Guzik Aff. at ¶¶ 18 and 26; Exhs. 2-3).

LaBarge has made payments and received credits on the amount due for the All-American Products totaling $161,811.82. (Guzik Aff. at ¶ 32; Exh. 5). LaBarge provided certain parts and products to All-American with a value of $166,396.12. (Id. at ¶ 32; Exhs. 4-5). All-American credited the amount owed by LaBarge with the value of the LaBarge Products. (Guzik Aff. at ¶29). LaBarge did not offer to provide the LaBarge Products to All-American in full satisfaction of the amount owed by LaBarge for the All-American Products. (Id. at ¶30). All-American did not agree to accept the LaBarge Products in full satisfaction for the amount owed by LaBarge for the All-American Products. (Id. at ¶ 31). Applying all credits and payments, LaBarge owes All-American $318,928.01 for the All-American Products. (Id. at 32, Exh. 5).

The All-American November 24, 2010, December 31, 2011, and January 13 and February 12,

2012 Invoices and the January 27, 2012 Statement contain the term of "Net 30." (Exhs. 1, 3, 4 and 5). The December 30, 2010, January 20 and February 25, 2011 Invoices do not contain any payment terms. (Exh. 1). Despite the terms of the invoices and statements, LaBarge refused and continues to refuse to pay All-American the remaining amount owing for the All-American Products. (Guzik Aff. at ¶ 35).

## Discussion

### A. Motion for Summary Judgment

In Missouri, a plaintiff pursuing a claim for suit on account must establish three elements in order to prevail at trial. Those elements are: (1) defendant requested plaintiff to furnish the merchandise or services; (2) plaintiff accepted the offer of the defendant by furnishing such merchandise or services; and (3) the charges were reasonable. <u>Citibank South Dakota N.A. v. Whiteley</u>, 149 S.W.3d 599, 601 (Mo. Ct. App. 2004). In the instant action, LaBarge admitted LaBarge requested All-American to provide it with All-American Products and accepted LaBarge's request by providing to LaBarge the All-American Products. All-American charged its normal and customary prices for the All-American Products, and LaBarge has never disputed the reasonableness of the charges for the All-American Products. In other transactions, LaBarge has paid All-American's normal and customary prices for similar materials from All-American. Although All-American invoiced LaBarge for the outstanding amount due on February 25, 2011, LaBarge has failed and refused to pay the amount due for the All-American Products. As a result of LaBarge's failure to pay All-American, All-American has been damaged in the amount of $318,928.01. Based on the evidence, All-American has established the elements of a claim for suit on account and is entitled to summary judgment.

Inasmuch as All-American has satisfied its burden through the pleadings, the exhibits, and Guzik's affidavit, LaBarge must respond "by submitting evidentiary materials that 'set out specific facts showing a genuine issue for trial.'" Torgerson v. City of Rochester, 605 F.3d 584, 594 (8th Cir. 2010) (quoting Fed. R. Civ. P. 56(e)(2)). LaBarge has failed to submit on the record before the Court such evidentiary materials showing a genuine issue for trial. "'The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" Gibson v, Am. Greetings Corp., 670 F.3d 844, 853 (8th Cir. 2012 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). Evidence that is "merely colorable" or "is not significantly probative" is insufficient. Anderson, 477 U.S. at 249-50. See also Barber v. C1 Truck Driver Training, LLC, 656 F.3d 782, 801 (8th Cir. 2011) ("mere speculation, conjecture, or fantasy" insufficient to defeat summary judgment motion) (internal quotations omitted).

"The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" United of Omaha of Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)." Hitt v. Harsco Corp., 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. Anderson, 477 U.S. at 248. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' Wilson v. Int'l Bus. Machs. Corp., 62 F.3d 237, 241 (8th

Cir. 1995) (quotation omitted)." <u>Putman v. Unity Health Sys.</u>, 348 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. <u>Wilson</u>, 62 F.3d at 241. "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." <u>Thomas v. Corwin</u>, 483 F.3d 516, 526-27 (8th Cir. 2007). "Simply referencing the complaint or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." <u>Kountze ex rel. Hitchcock Foundation v. Gaines</u>, 2008 WL 2609197, at *3 (8th Cir. 2008). Accordingly, applying the foregoing to the instant case, the Court will grant All-American's motion for summary judgment.

### B. <u>Motion for Additional Time to Conduct Discovery</u>

Under Federal Rule Civil Procedure 56(d), a district court may defer considering a motion for summary judgment if a party opposing the motion "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); <u>Chambers v. Travelers Cos., Inc.</u>, 668 F.3d 559, 568 (8th Cir. 2012). Rule 56(d) reflects the principle that "summary judgment is proper only after the nonmovant has had adequate time for discovery." <u>Ray v. Am. Airlines, Inc.</u>, 609 F.3d 917, 923 (8th Cir. 2010)(citation omitted). As such, Rule 56(d) "should be applied with a spirit of liberality." <u>United States ex. rel. Bernard v. Casino Magic Corp.</u>, 293 F.3d 419, 426 (8th Cir. 2002) (citation omitted).

Rule 56(d), however, "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." <u>Duffy v. Wolle</u>, 123 F.3d 1026, 1040 (8th Cir. 1997); <u>see</u> <u>also</u> <u>Gardner v. Howard</u>, 109

F.3d 427, 431 (8th Cir. 1997) ("Rule 56(f) does not condone a fishing expedition.") A nonmovant seeking relief under Rule 56(d) must do more than speculate that it may discover additional facts that would overcome a motion for summary judgment, see Stanback v. Best Diversified Prods., 180 F.3d 903, 911 (8th Cir. 1999), and must submit an affidavit showing "'what specific facts further discovery might unveil.'" Id. (quoting Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997)). "Where a party fails to carry [his] burden under Rule [56(d)], 'postponement of a ruling on a motion for summary judgment is unjustified.'" Id.

"To obtain a continuance under [Rule 56(d)], the movant must show good reason for being unable to present facts essential to its response." Elnashar v. Speedway SuperAmerica, LLC, 484 F.3d 1046, 1055 (8th Cir. 2007). Mere speculation that the nonmoving party controls relevant facts is an insufficient basis for a Rule 56(d) continuance. Davis v. G.N. Mortg. Corp., 396 F.3d 869, 885 (7th Cir. 2005). In addition, a plaintiff who has been "dilatory in pursuing discovery" is generally not entitled to a Rule 56(d) continuance. Snyder v. Livingston, 2012 WL 32984, at *2 (N.D. Ind. Jan. 5, 2012); accord Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for denial of a [Rule 56(d)] motion.").

"As a general rule, summary judgment is proper 'only after the nonmovant has had adequate time for discovery.'" Iverson v. Johnson Gas Appliance Co., 172 F.3d 524, 530 (8th Cir. 1999) (quoting In re TMJ Litig., 113 F.3d 1484, 1490 (8th Cir. 1997)). "Nonmovants may request a continuance under Rule 56(f) until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition. This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment." Id. Yet Rule 56(f) "'is not a shield that can be raised to block a motion for summary judgment without even the slightest

showing by the opposing party that his opposition is meritorious.'" Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993) (citation omitted). A Rule 56(f) affidavit must "set forth 'specific facts further discovery might uncover,' or what information further discovery might reveal." Anuforo v. Comm'r of Internal Revenue, 614 F.3d 799, 808 (8th Cir. 2010) (citation omitted).

In the instant case, LaBarge's counsel filed a declaration lamenting the fact that LaBarge has not yet propounded interrogatories or request for production. (Grady Dec'l at ¶ 4). LaBarge notes that although All-American alleged the reasonable value of the products to be $318, 928.01 in the Complaint, in the affidavit in support of the summary judgment motion, T.J. Guzik avers that the "normal and customary charges for the All-American Products provided to LaBarge are $647,135.95 as reflected in the All-American Invoices." (Aff. Guzik at ¶ 22). However, in the following paragraphs, Mr. Guzik averred that "[i]nstead of paying for the All-American Products as originally promised or as set forth in the LaBarge E-Mails and the Hixson Letter, to date LaBarge has only made payments and received credits from All-American on the amount due for the All-American Products totaling $328,207.94, and after applying all credits and payments, LaBarge still owes All-American $318,928.01 for the All-American Products." (Id. at ¶ 32). Mr. Guzik concluded that "[b]ecause of LaBarge's failure to pay the remaining amount due for the All-American Products, All-American has been damaged in the amount of $318,928.01...." (Id. at ¶ 36). Inasmuch as LaBarge failed to show what further facts it might be able to uncover if it was given further opportunity for discovery and the discovery deadline set forth in the Case Management Order has passed, the undersigned will deny LaBarge's motion to postpone ruling on the summary judgment motion.

LaBarge has not made the necessary showing for additional discovery and deferral of All-

American's motion for summary judgment under Rule 56(d). LaBarge's reasoning for its Rule 56(d) motion is denied. At the time of filing, LaBarge had not submitted discovery requests although three months had passed for the time to do so under the Case Management Order. The deadline for completing discovery has passed, and LaBarge had neither requested an extension of the deadline nor sought leave to file a supplemental pleading in opposition to All-American's summary judgment motion.

A party's vigilance to prepare its case in a timely manner is relevant to whether relief is available under Rule 56(d). See Beatty v. Synthes (USA), 2004 WL 1434860, at *1 (8th Cir. June 28, 2004) (affirming denial of Rule 56(f) motion where the plaintiff failed to submit an affidavit identifying material facts discovery might unveil and failed to show that she had vigilantly sought to prepare her case in a timely manner). Discovery deadline was November 15, 2012, and LaBarge has failed to state what specific facts discovery might unveil and requested an extension. The Court finds that LaBarge has failed to provide specific facts explaining how further discovery will enable LaBarge to overcome All-American's motion for summary judgment. Under these circumstances, LaBarge is not entitled to additional time to complete discovery. See, e.g., Textron Fin. Corp. v. Weeres Indus. Corp., 2011 WL 2682901, at *9 n.2 (D. Minn. June 17, 2011 (report and recommendation), adopted by 2011 WL 2682895 (D. Minn. July 11, 2011) (denying a Rule 56(d) motion because the party had more than three months to pursue discovery before its response was due but made no effort to do so despite being aware of the relevant issues).

### C. Award of Prejudgment Interest

Prejudgment interest is a matter of substantive state law. First Am. States Bank v. Milnikel, 897 F.2d 319, 327 (8th Cir. 1990). Missouri's prejudgment interest statute, Mo. Rev. Stat. §

408.020, provides in relevant part:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made.

For prejudgment interest to be awarded, the claim for damages must be liquidated. Rois v. H.C. Sharp Co., 203 S.W.3d 761, 766 (Mo. Ct. App. 2006). "A claim is liquidated when the claim is 'fixed and determined or readily determinable, but it is sufficient if the amount due is ascertainable by computation or by a recognized standard.'" Id. "The mere existence of a dispute relative to liability does not render a claim unliquidated," and if "the amount of damages is fairly certain, even though liability is an issue, the court will award prejudgment interest." Lundstrom v. Flavan, 965 S.W.2d 861, 866 (Mo. Ct. App. 1998). No "exact calculation" of a claim is required for a claim to be liquidated. Hocker Oil Co. v. Barker-Phillips-Jackson, Inc., 997 S.W.2d 510, 521 (Mo. Ct. App. 1999). The fact the amount payable is put in doubt because defendant contests liability or asserts defenses or counterclaims does not convert the claim into an unliquidated claim or preclude plaintiff's recovery of prejudgment interest. Ehrle v. Bank Bldg. & Equip. Corp. 530 S.W.2d 482, 497 (Mo. Ct. App. 1975). If the prejudgment interest statute applies, an award of interest is not discretionary, but is compelled. Rois, 203 S.W.3d at 767.

"Under Missouri law, a defendant's denial of liability or challenge to the amount claimed on a contract will not alter the fact that the amount claimed by the plaintiff is sufficiently ascertainable to require the award of prejudgment interest." St. Joseph Light & Power Co. v. Zurich Ins. Co., 698 F.2d 1351, 1356 (8th Cir. 1983) (citing Denton v. Constr. Co. v. Missouri State Highway Comm'n, 454 S.W.2d 44, 59-60 (Mo. 1970). See also Schmidt v. Morival Farms, 240 S.W.2d 952, 961 (Mo.

1951) ("Interest is the measure of damages for failure to pay money when payment is due even though the obligor refuses payment because he questions legal liability for all or portions of the claim."). A dispute as to liability does not make the amount unliquidated for purposes of denying prejudgment interest. Knight v. DeMarea, 670 S.W.2d 59, 64 (Mo. Ct. App. 1984); but see TVI, Inc. v. Infosoft Technologies, Inc., 2008 WL 554361, at * 1 (E.D. Mo. 2008) (finding party not entitled to award of prejudgment interest in the entire amount requested inasmuch as a bona fide dispute existed over the amount of damages owed).

Here, the amount of payment due under the invoices and statements was $318,928.01. Accordingly, Plaintiff's claim is one which prejudgment interest may be awarded, and the Court must ascertain the date on which such interest begins to run.

Missouri courts have found that "[a]lthough the demand need be in no certain form, it must be definite as to amount and time." Nusbaum v. City of Kansas City, 100 S.W.3d 101, 109 (Mo. banc. 2003). There must be "no doubt as to when and how much payment is due." Children Int'l. v. Ammon Painting Co., 215 S.W.3d 194, 204 (Mo. Ct. App. 2006). Prejudgment interest runs to the date of the judgment. Jerry Bennett Masonry Contractor, Inc. v. Crossland Constr. Co., 213 S.W.3d 733, 736 (Mo. Ct. App. 2007) (finding that any right appellant had to prejudgment interest "expired when that contractual obligation was reduced to a judgment obligation.").

Having determined that Missouri law authorizes prejudgment interest, at the rate of nine per cent per annum on the $318,928.01 judgment in Plaintiff's favor, the Court must now consider when the prejudgment interest began to accrue. Section 408.020 allows prejudgment interest "on accounts after they become due and demand of payment is made." Although Plaintiff asks that prejudgment interest be calculated from March 25, 2011 (thirty days after the issuance of the last invoice), the

record does not reveal whether Plaintiff made a demand of payment on or before that date. Missouri courts have not construed invoices as demands. See Lucent Technologies, Inc. v. Mid-West Elecs., Inc., 49 S.W.3d 236, 246-47 (Mo. Ct. App. 2001) (prejudgment interest date ran from date of demand letter, not from due date of two invoices); A.G. Edwards & Sons, Inc. v. Drew, 978 S.W.2d 386, 397 (Mo. Ct. App. 1998). Absent an earlier demand, Missouri law considers the date that the lawsuit was filed as the date of demand. If the party has not made a demand for prejudgment interest before filing suit, then Missouri law considers the filing itself to constitute a demand, as required for prejudgment interest to begin to accrue. Graybar Elec. Co., Inc. v. Federal Ins. Co., 567 F.Supp. 2d 1116, 1129 (E.D. Mo. 2008). Thus, Plaintiff is entitled to prejudgment interest at the statutory rate of 9 percent per annum, beginning on February 8, 2012, the date the instant action was filed, and ending on the date of judgment, January 4, 2013.

**IT IS HEREBY ORDERED** that Plaintiff All-American Hose, LLC's Motion for Summary Judgment (ECF 17) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant LaBarge Products, Inc. is ordered to pay Plaintiff All-American Hose, LLC prejudgment interest at the rate of 9%, accrued from February 8, 2012 through the date of judgment, January 4, 2013.

**IT IS FURTHER ORDERED** that Defendant's Motion for Additional Time to Conduct Discovery (ECF 23) is Denied.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

                                                          /s/Terry I. Adelman
                                        UNITED STATES MAGISTRATE JUDGE

Dated this  4th  day of January, 2013.